IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 18 2006

C. LANGHAM
CLERK

Civil Action No. 06-cv-01322-ZLW

OLOYEA D. WALLIN,

    Plaintiff,

v.

JANENE McCABE, and
SEAN McDERMOTT,

    Defendants.

---

### ORDER DENYING MOTION FOR RECONSIDERATION

---

Plaintiff Oloyea D. Wallin is incarcerated in the Colorado Department of Corrections and currently is housed at the Arkansas Valley Correctional Facility. On August 7, 2006, Plaintiff filed a *pro se* "Motion for Reconsideration of Order Ad [sic] Judgment of Dismissal." The Court must construe the Motion liberally, because Mr. Wallin is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion for reconsideration filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243.

Mr. Wallin's Motion was filed more than ten days after the Court's July 20, 2006, Order and Judgment of Dismissal. Although Mr. Wallin dated the Motion July 31, 2006, he has not met the burden he is required to meet to establish his entitlement to the benefit of the mailbox rule under **Houston v. Lack**, 487 U.S. 266 (1988), which would provide a basis for considering the Motion as filed pursuant to Fed. R. Civ. P. 59(e). **See Price v. Philpot**, 420 F.3d 1158 (10th Cir. 2005). Therefore, the Motion is construed as filed pursuant to Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Mr. Wallin's claims are barred by the rule in **Heck v. Humphrey**, 512 U.S. 477 (1994). In the Motion, Plaintiff contends that if the Complaint and action are dismissed he will be prohibited under Colo. Rev. Stat. § 13-80-102 from filing a legal malpractice suit against the attorneys who represented him in his criminal proceeding. Mr. Wallin concludes that this Court should stay the Complaint and action until he has finalized his state remedies challenging his conviction and sentence.

A legal malpractice suit is a state tort action. An action brought pursuant to 28 U.S.C. § 1983 provides for a violation of a constitutional right, which may include an ineffective assistance of counsel claim or violation of the Sixth Amendment. Mr. Wallin

2

was informed in the Court's July 20, 2006, Order that a § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Therefore, the Motion will be denied. Accordingly, it is

ORDERED that Plaintiff's August 7, 2006, Motion for Reconsideration of Order and Judgment of Dismissal is construed as filed pursuant to Fed. R. Civ. P. 60(b) and is denied.

DATED at Denver, Colorado, this ___ day of _____, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01322-BNB

Oloyea D. Wallin
Prisoner No. 111389
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on   8-18-06

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk