IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01322-ZLW

OLOYEA D. WALLIN,

    Plaintiff,

v.

JANENE McCABE, and
SEAN McDERMOTT,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

On July 2, 2012, Plaintiff, Oloyea D. Wallin, submitted a Motion for Postjudgment Relief Pursuant to Fed. R. Civ. P. 60(b).  The Court must construe the Motion liberally because Mr. Wallin is proceeding *pro se*.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the following reasons, the Court will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b).  *See Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).  Mr. Wallin's Motion was filed more than twenty-eight days after the Court's Order of Dismissal and Judgment were entered

on July 20, 2006.  The Motion properly is filed as a Motion to Reconsider under Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).  Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Mr. Wallin fails to demonstrate some reason why the dismissal should be reconsidered and vacated.

Mr. Wallin argues he has a right to challenge the Tenth Circuit's determination in *Wallin v. Achen, et al.*, No. 11-1201 (10th Cir. June 8, 2012), that the dismissal in this case counts as a strike under 28 U.S.C. § 1915(g).  Mr. Wallin claims that because the Colorado Court of Appeals now has vacated his sentence he is not subject to a bar under *Heck v. Humphrey*, 512 U.S. 477 (1994) and, therefore, the dismissal of his case should not count as a strike under § 1915(g).  Mr. Wallin also contends that a premature complaint is not considered a strike under § 1915(g).

First, "dismissal of a civil rights suit for damages based on prematurity under *Heck* is for failure to state a claim," *Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011) (citing *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007)), and the "dismissal as premature under *Heck* . . . is a strike under § 1915(g)," *Smith*, 636 F.3d at 1313.  Second, there is no legal authority for finding that dismissals in federal court based on *Heck v. Humphrey*, 512 U.S. 477 (1994), should be vacated, and the associated strikes under § 1915(g) eliminated, if the conviction and sentence at issue subsequently are vacated.  A valid cause of action did not exist at the time Mr. Wallin filed this case.  The case was dismissed pursuant to *Heck* and properly is counted as a strike for purposes of § 1915(g).  Therefore, the Court finds Mr. Wallin fails

to assert extraordinary circumstances that justify granting the relief he seeks under Rule 60(b).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Wallin files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Motion to Reconsider, ECF No. 20, filed on July 2, 2012, is denied.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  11th  day of      July        , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court